IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GULF SOUTH PIPELINE COMPANY, LP | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-2885 |
| | § | |
| | § | |
| | § | |
| TX-MQ-0050.00000: 5.26 ACRES, MORE OR LESS, in the Jose Maria De La Garza Survey, Abstract Number 15, Montgomery County, Texas; DAVID OSTRO and MID AMERICA MORTGAGE, INC.; | § § § § § | |
| | § | |
| TX-MQ-0055.00000: 16.466 ACRES, MORE OR LESS, in the J. W. Overby Survey, Abstract Number 408, Montgomery County, Texas; TRAVIS LEACH, JULIE LEACH, RELIANCE LOAN FUNDING, LLC, f/k/a RELIANCE TAX LOANS, LLC, and PEOPLES STATE BANK; | § § § § § § § | |
| | § | |
| TX-MQ-0056.00000: 16.821 ACRES, MORE OR LESS, in the J. W. Overby Survey, Abstract Number 408, Montgomery County, Texas; JIMMY OWEN and DEBORA OWEN; | § § § § | |
| | § | |
| TX-MQ-0068.00000: 2.702 ACRES, MORE OR LESS, in the J. S. Edgar Survey, Abstract Number 200, Montgomery County, Texas; ABEL MENDOZA and ALEJANDRO MENDOZA; | § § § § § | |
| | § | |
| TX-MQ-0091.00000: 9.120 ACRES, MORE OR LESS, in the James Elkins Survey, Abstract Number 198, Montgomery County, Texas; KANA HOLDINGS, LLC; | § § § § | |
| | § | |
| | § | |

1

TX-MQ-0095.00000: 46.484 ACRES, MORE   §
OR LESS, in the James Elkins Survey,   §
Abstract Number 198, Montgomery County,   §
Texas; JAMES MICHAEL   §
MAVROGORDATO, GEORGE   §
ALEXANDER MAVROGORDATO,   §
ANTHONY C. CAHAN, and CHRISTOPHER   §
S. CAHAN;   §
  §
TX-MQ-0098.30000: 53.972 ACRES, MORE   §
OR LESS, in the Benjamin F. Burke Survey,   §
Abstract Number 92, Montgomery County,   §
Texas; PENSCO TRUST COMPANY FBO   §
WILLIAM A. GRAY IRA, PENSCO TRUST   §
COMPANY FBO WILLIAM A. GRAY, and   §
NTC & CO LLP, TRUSTEE FOR WILLIAM   §
A. GRAY IRA; and   §
  §
UNKNOWN OWNERS   §
  §
*Defendants.*   §

## COMPLAINT IN CONDEMNATION

### Nature of the Case

1.     Plaintiff Gulf South Pipeline Company, LP ("Gulf South"), pursuant to its

power of eminent domain as authorized by Section 7h of the Natural Gas Act, 15 U.S.C.

§ 717f (h) and Federal Rule of Civil Procedure 71.1, files this action for: (i) the taking of

certain interests in real property in the lands set forth above (the "Properties"); (ii)

immediate entry upon and possession of the real property interests being taken; and (iii)

the ascertainment and award of just compensation and damages to the Defendants named

above (collectively the "Landowners") and any other interested parties.

### Jurisdiction and Venue

2.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and Section 7h of the Natural Gas Act, 15 U.S.C. § 717f (h) because: (a) Gulf South is the holder of a Certificate of Public Convenience and Necessity authorizing it to, among others things, construct and operate a new 19-mile long, 24-inch diameter interstate pipeline lateral off its existing Index 129 interstate pipeline system within San Jacinto and Montgomery counties, Texas; (b) pursuant to certificates issued by the Federal Energy Regulatory Commission ("FERC"), Gulf South is authorized to engage in the transportation of natural gas in interstate commerce and is, therefore, a natural gas company within the meaning of the Natural Gas Act, 15 U.S.C. Section 717 *et seq.*; (c) Gulf South, despite negotiation, has been unable to reach agreements with the Landowners as to compensation for the easements and other interests necessary for construction and operation of the pipeline extension; (d) the interests in real property that Gulf South seeks to take by this eminent domain proceeding are located within Montgomery County, Texas; and (e) the value of each of the property interests to be taken exceeds $3,000.00 and/or the Landowners claim that the values of such interests exceed $3,000.00.  Gulf South has offered the owners for each of the Properties an amount equal to or greater than $3,000.00.  These offers have not been accepted and/or the Landowners have claimed amounts in excess of $3,000.00.

3.     Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. § 717f (h) as the Properties are located in Montgomery County, Texas.

## Parties

4.      Gulf South is a limited partnership organized and existing under the laws of the state of Delaware and is duly authorized to do business in the states of Texas, Louisiana, Mississippi, Alabama, and Florida. Gulf South's principal place of business is 9 Greenway Plaza, Suite 2800, Houston, Texas 77046. Gulf South is an interstate natural gas company as defined by Section 717a(6) of the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, and as such, is qualified to construct, own, operate, and maintain pipelines for the transmission of natural gas and constituents thereof. Gulf South's authorization to transport natural gas in interstate commerce is granted by and subject to the jurisdiction of FERC.

5.      The Defendants in this action are the Properties from which the easements sought herein are taken; the Landowners; all other individuals and entities known to possess interests in the Properties; and any unknown owners, unknown heirs, or other interested parties who may claim an interest in the Properties. The following list identifies each of the Properties by its Gulf South tract number and record legal description, the individual Defendants who Gulf South knows are record owners of or claim an interest in each of the Properties, and their service information:

     **a.**  TX-MQ-0050.00000: 5.26 ACRES, MORE OR LESS, in the Jose Maria De La Garza Survey, Abstract Number 15, Montgomery County, Texas, described by instrument recorded in County Clerk's File Number 2015049409, of the Official Public Records of Montgomery County, Texas, and as more particularly depicted and described in Exhibit 1 hereto (the "Ostro Property"); DAVID OSTRO and MID AMERICA MORTGAGE INC.:

- DAVID OSTRO is a Texas resident and is being served with notice by regular mail and certified mail, return receipt requested, at both his residence, 13274 Rose Rd., Willis, TX 77378, and his mailing address, P. O. BOX 1838, Willis, Texas 77378-1838.

- MID AMERICA MORTGAGE, INC., is an Ohio corporation registered to conduct business in the State of Texas. MID AMERICA MORTGAGE, INC. may be served with notice by service on its Texas registered agent, Jeffery E. Bode, at its registered address, 15301 Spectrum Drive, Suite 405, Addison, TX 75001.

**b.** TX-MQ-0055.00000: 16.466 ACRES, MORE OR LESS, in the J. W. Overby Survey, Abstract Number 408, Montgomery County, Texas, described by instrument recorded in County Clerk's File Number 9457708, of the Official Public Records of Real Property, Montgomery County, Texas, and as more particularly depicted and described in <u>Exhibit 2</u> hereto (the "Leach Property"); TRAVIS LEACH, JULIE LEACH, RELIANCE LOAN FUNDING, LLC, f/k/a RELIANCE TAX LOANS, LLC and PEOPLES STATE BANK:

- TRAVIS LEACH is a Texas resident and may be served with notice by service at his residence located at 9212 County Line Road, Willis, Texas 77378-4848.

- JULIE LEACH is a Texas resident and may be served with notice by service at her residence located at 9212 County Line Road, Willis, Texas 77378-4848.

- RELIANCE LOAN FUNDING, LLC, f/k/a RELIANCE TAX LOANS, LLC is a Texas limited liability company that may be served with notice by serving its registered agent, Albert J Dimoush, at its registered address, 644 Timbercrest Circle, Highland Village, TX 75057.

- PEOPLES STATE BANK is a Texas State Financial Institution. PEOPLES STATE BANK may be served with notice by serving its registered agent, Mark W. Hamilton, at its registered address, 5850 Hwy 59 South, Shepherd, Texas 77371.

**c.** TX-MQ-0056.00000: 16.821 ACRES, MORE OR LESS, in the J. W. Overby Survey, Abstract Number 408, Montgomery County, Texas, described by instrument recorded in County Clerk's File Number 9457706, of the Official Public Records of Real Property, Montgomery County,

Texas, and as more particularly depicted and described in <u>Exhibit 3</u> hereto (the "Owen Property"); JIMMY OWEN and DEBORA OWEN:

- JIMMY OWEN is a Texas resident and may be served with notice by service at his residence located at 9208 County Line Road, Willis, Texas, 77378-4848.

- DEBORA OWEN is a Texas resident and may be served with notice by service at her residence located at 9208 County Line Road, Willis, Texas, 77378-4848.

**d.** TX-MQ-0068.00000: 2.702 ACRES, MORE OR LESS, in the J. S. Edgar Survey, Abstract Number 200, Montgomery County, Texas, described by instrument recorded in County Clerk's File Number 2011093963, of the Official Public Records of Montgomery County, Texas, and as more particularly depicted and described in <u>Exhibit 4</u> hereto (the "Mendoza Property"); ABEL MENDOZA and ALEJANDRO MENDOZA:

- ABEL MENDOZA is a Texas resident and may be served with notice by service at his residence located at 406 Delta Street, Conroe, Texas 77301.

- ALEJANDRO MENDOZA is a Texas resident and may be served with notice by service at his residence located at 406 Delta Street, Conroe, Texas 77301.

**e.** TX-MQ-0091.00000: 9.120 ACRES, MORE OR LESS, in the James Elkins Survey, Abstract Number 198, Montgomery County, Texas, described by instrument recorded in County Clerk's File Number 2018063720 of the Official Public Records of Montgomery County, Texas, and as more particularly depicted and described in <u>Exhibit 5</u> hereto (the "Kana Holdings Property"); KANA HOLDINGS, LLC:

- KANA HOLDINGS, LLC is a Texas Limited Liability Company. KANA HOLDINGS, LLC may be served with notice by serving its registered agent, Earlynne M. Koch, at its registered address, 106 Springs Edge, Montgomery, Texas 77356.

**f.** TX-MQ-0095.00000: 46.484 ACRES, MORE OR LESS, in the James Elkins Survey, Abstract Number 198, Montgomery County, Texas, described by instrument recorded in County Clerk's File Number 2016026041, of the Official Public Records of Montgomery County, Texas, and as more particularly depicted and described in <u>Exhibit 6</u> hereto (the

"Mavrogordato Property"); JAMES MICHAEL MAVROGORDATO, GEORGE ALEXANDER MAVROGORDATO, ANTHONY C. CAHAN, and CHRISTOPHER S. CAHAN:

- JAMES MICHAEL MAVROGORDATO is a South Carolina resident and is being served with notice by regular mail and certified mail, return receipt requested, at his residence, 9 Whitehall Drive, Bluffton, SC 29910.

- GEORGE ALEXANDER MAVROGORDATO is a North Carolina resident and is being served with notice by regular mail and certified mail, return receipt requested, at his residence, 106 Brandon Place, Winston Salem, NC 27104.

- ANTHONY C. CAHAN is a New York resident and is being served with notice by regular mail and certified mail, return receipt requested, at his residence, 71 Cross River Road, Pound Ridge, NY 10576.

- CHRISTOPHER S. CAHAN is a California resident and is being served with notice by regular mail and certified mail, return receipt requested, at his residence, 1111 Hartzell Street, Pacific Palisades, CA 90272.

g. TX-MQ-0098.3000: 53.972 ACRES, MORE OR LESS, in the Benjamin F. Burke Survey, Abstract Number 92, Montgomery County, Texas, described by instrument recorded in County Clerk's File Number 2014072400-4, of the Official Public Records of Montgomery County, Texas, and as more particularly depicted and described in Exhibit 7 hereto (the "Pensco Property"); PENSCO TRUST COMPANY FBO WILLIAM A. GRAY IRA, PENSCO TRUST COMPANY FBO WILLIAM A. GRAY, and NTC & CO LLP, TRUSTEE FOR WILLIAM A. GRAY IRA:

- PENSCO TRUST COMPANY FBO WILLIAM A. GRAY IRA is a Colorado entity. PENSCO TRUST COMPANY FBO WILLIAM A. GRAY IRA is being served with notice by regular mail and certified mail, return receipt requested, sent to its registered agent, Kirk Merritt, at its registered office, 1560 Broadway, Suite 400, Denver, CO 80202.

- PENSCO TRUST COMPANY FBO WILLIAM A. GRAY is a Colorado entity. PENSCO TRUST COMPANY FBO WILLIAM A. GRAY is being served with notice by regular mail and certified mail, return receipt requested, sent to its registered agent, Kirk Merritt, at its registered office, 1560 Broadway, Suite 400, Denver, CO 80202.

- NTC & CO LLP, TRUSTEE FOR WILLIAM A. GRAY IRA is a Colorado entity. NTC & CO LLP, TRUSTEE FOR WILLIAM A. GRAY IRA is being served with notice by regular mail and certified mail, return receipt requested, sent to its registered agent, Incorporating Services, Ltd., at 95 Emerson St., Suite 601, Denver, CO 80218.

6.      There may be other persons who have or claim an interest in the Properties to be condemned whose names are unknown to Gulf South because they could not be ascertained by diligent inquiry. These persons have been made parties to this action as Unknown Owners as permitted by Federal Rule of Civil Procedure 71.1(c)(3) and are being served with notice by publication pursuant to Federal Rule of Civil Procedure 71.1(d)(3)(B).

7.      Attached to this Complaint as <u>Exhibits 1-7</u> are Gulf South's certified easement plats and legal descriptions for the corresponding Properties subject to condemnation, which show the portion of the Properties subject to condemnation and the route and location of the easements sought on each of the Properties, including the extent and location of the permanent easements, temporary workspaces, and temporary access roads, as applicable to each of the Properties. *See* <u>Exhibits 1-7</u>.

### Facts and Relief Requested

8.      Gulf South is in the business of transporting natural gas in interstate commerce pursuant to authorization granted by FERC. As such, Gulf South is subject to the jurisdiction of FERC.

9.      Gulf South currently owns and operates approximately 7,275 miles of interstate pipeline facilities extending from south and east Texas through Louisiana, Mississippi, southern Alabama, and western Florida.

10.     On July 18, 2019, FERC issued Gulf South a Certificate of Public Convenience and Necessity (the "FERC Certificate") authorizing Gulf South to construct and operate a new 19-mile-long, 24-inch-diameter pipeline lateral in San Jacinto and Montgomery Counties, Texas (the "Pipeline") and to construct and operate a new compressor unit at its existing Goodrich Compressor Station in Polk County, Texas. The Pipeline will begin at a new interconnection with Gulf South's existing Index 129 interstate natural gas pipeline system ("Index 129") in San Jacinto County and extend westward as a lateral extension off of Index 129 to its terminus at Entergy Texas, Inc's. ("Entergy") Montgomery County Power Station on Lewis Creek Reservoir ("Lewis Creek Power Plant"). The project, known as the "Willis Lateral Project," will allow Gulf South to supply up to 200,000 Dekatherms per day of natural gas to the Lewis Creek Power Plant for the generation of electrical power.

11.     A copy of the FERC Certificate is attached as Exhibit 8. A copy of Gulf South's letter to FERC in which it accepted the terms of the FERC Certificate is attached as Exhibit 9.

12.     The FERC Certificate requires the Willis Lateral Project facilities, including the Pipeline, to be in-service by July 18, 2021. *See* Exhibit 8, at p. 11. Gulf South's contractual agreements with Entergy require the Pipeline to be available for interim service by July 1, 2020.

13.     Gulf South has scheduled commencement of construction work on the Pipeline for November 2019. Gulf South *must* begin construction work by that time to ensure completion of the Willis Lateral Project within FERC and Entergy's deadlines,

compliance with construction schedules, adherence to environmental regulations, and an adequate supply of construction labor, for which Gulf South must contract in advance of construction initiation.

14.     In order to timely construct, operate and maintain the Pipeline, as approved by FERC, it is necessary that Gulf South have and obtain a permanent easement and right of way along the route and location over, through, upon, under, and across the Properties (the "Permanent Easements"), as well as the temporary workspaces ("Temporary Workspaces"), and temporary access roads ("Temporary Access Roads"), as are more definitely depicted and described on Exhibits 1-7, the terms of which are described in more detail below. The Permanent Easements, Temporary Workspaces, and Temporary Access Roads will hereafter be collectively referred to as the "Easements". Gulf South has reached voluntary agreements with all landowners for acquisition of the necessary easements in San Jacinto County and most in Montgomery County, but has been unable to reach voluntary agreement with the Landowners and Properties named herein for the necessary Easements despite good faith and bona fide efforts.

15.     Specifically, Gulf South seeks to acquire the Easements, rights and interests set forth herein in the Properties:

**a. Ostro Property (TX-MQ-0050.00000)**

    (i)    Permanent Easement:    0.98 acres

    (ii)    Temporary Workspace:    0.88 acres

**b. Leach Property (TX-MQ-0055.00000)**

    (i)    Permanent Easement:    0.04 acres

      (ii)    Temporary Workspace:      0.04 acres

      (iii)   Temporary Access Road:    0.08 acres

**c. Owen Property (TX-MQ-0056.00000)**

      (i)     Permanent Easement:      0.04 acres

      (ii)    Temporary Workspace:      0.04 acres

      (iii)    Temporary Access Road:    0.03 acres

**d. Mendoza Property (TX-MQ-0068.00000)**

      (i)     Permanent Easement:      0.19 acres

      (ii)    Temporary Workspace:      0.60 acres

**e. Kana Holdings Property (TX-MQ-0091.00000)**

      (i)     Permanent Easement:      0.40 acres

      (ii)    Temporary Workspace:      0.81 acres

**f. Mavrogordato Property (TX-MQ-0095.00000)**

      (i)     Permanent Easement:      1.21 acres

      (ii)    Temporary Workspace:      1.63 acres

      (iii)   Temporary Access Road:    0.39 acres

**g. Pensco Property (TX-MQ-0098.30000)**

      (i)     Permanent Easement:      2.30 acres

      (ii)    Temporary Workspace:      2.42 acres

16.     Each of the Properties contains Permanent Easements.   Each of the Properties contains Temporary Workspaces. Temporary Access Roads are included for the Owen Property, Leach Property, and Mavrogordato Property.

17.     The Easements are sought for, necessary for, and to be used for the purposes of constructing, reconstructing, renewing, operating, maintaining, protecting, inspecting, repairing, changing the size of, abandoning-in-place, removing, replacing, and/or relaying one pipeline, not to exceed twenty-four inches (24") nominal diameter, and conduit(s) for the transmission of communication signals related to the aforementioned uses, together with such valves, pipes, fittings, meters, corrosion control devices, wires, cables and other equipment and appurtenances (collectively the "Facilities"), as may be necessary or convenient for the transportation of natural gas and its associated substances, for the protection of said Facilities, and for the maintenance of the Easements. The Permanent Easements shall be 50 feet in width, located as depicted and described in Exhibits 1-7. Gulf South may select the location of its Facilities within the Permanent Easements.  The Temporary Workspaces are located and sized as depicted and described in Exhibits 1-7.  The Temporary Access Roads are located and sized as depicted and described in Exhibits 2, 3, and 6.  Gulf South seeks the use of the Permanent Easements for the purposes set forth herein until such time as Gulf South releases its rights. Gulf South seeks the use of the Temporary Workspaces and Temporary Access Roads only during construction of the Facilities and any periods of restoration work, anticipated not to exceed July 18, 2021. After Gulf South has completed its construction

of the Facilities and any restoration work, Gulf South's interest in the Temporary Workspaces and Temporary Access Roads will revert to the Landowners.

18.     The Permanent Easements sought include a permanent right of ingress, egress, entry and access in, to, through, on, over, under, and across the Permanent Easements, and where the same intersect the boundaries of the Properties or any public road, public easement, or easements held by Gulf South on other property contiguous to the Permanent Easements, for any and all purposes necessary and/or incident to the rights sought hereunder. During construction of the Facilities and any period of restoration, these same rights of ingress, egress, entry and access shall also apply to the Temporary Workspaces. During construction of the Facilities and any period of restoration, Gulf South shall also have the same rights of ingress, egress, entry and access in, to, through, on, over, under, and across the Permanent Easements and Temporary Workspaces by use of the Temporary Access Roads depicted and described on <u>Exhibits 1-7</u>, for any and all purposes necessary and/or incident to Gulf South's construction of the Facilities or restoration work. Gulf South may construct roads or improve existing roads within the Temporary Access Roads easement areas. Gulf South shall repair any damage to roads caused by Gulf South.

19.     For each of the Properties except the Mavrogordato Property and the Pensco Property, Gulf South shall bury the Pipeline to an initial minimum depth of thirty-six inches (36") from the top of the Pipeline to the surface of the ground and any then existing drainage ditches, creeks and roads, except at those locations where rock is encountered the Pipeline may be buried to a lesser depth. For the Mavrogordato Property

and Pensco Property, Gulf South shall bury the Pipeline to an initial minimum depth of forty-eight inches (48") from the top of the Pipeline to the surface of the ground and any then existing drainage ditches, creeks and roads, except at those locations where rock is encountered the Pipeline may be buried to a lesser depth.

20.     The surface of the Permanent Easements and Temporary Workspaces will be filled, leveled, and graded after the original construction of the Facilities is completed, so as to restore the surface as nearly as practicable to its original level, grade, drainage and condition.

21.     Gulf South is acquiring the right to cathodically protect its Facilities within the boundaries of the Permanent Easements, and to place pipeline markers, vents, and cathodic protection test leads and other corrosion control devices above the ground within the Permanent Easements. Gulf South will have no other aboveground Facilities within the Permanent Easements. Gulf South shall have no right to fence off or enclose the Permanent Easements.

22.     Landowners shall retain the right to fully use and enjoy the Permanent Easements (including, but not limited to, the cultivation of crops [other than trees] within the area of the Permanent Easements) except to the extent such uses interfere with the rights of Gulf South. Provided such uses do not endanger the Facilities or interfere with Gulf South's rights, Landowners' uses may include using the Permanent Easements for open space, set back, utility, street and roadway purposes. On the Mavrogordato Property and Pensco Property, Landowners' uses may also include paving the Permanent Easements for use as driveways or parking, provided such uses do not endanger the

14

Facilities or interfere with Gulf South's rights and provided that such uses comply with the requirements set out below. Any and all utility, street and roadway crossings shall cross the Permanent Easements at an angle of not less than forty-five (45) degrees to the Pipeline. Any and all paving and use for parking or driveways or utility, street and roadway crossings, must comply with all of Gulf South's required and applicable weight restrictions, spacings, depth separation limits and other protective requirements. Landowners must notify Gulf South in writing (and provide plans for such proposed construction) at least ninety (90) days prior to commencement of such activities. Landowners shall not build, create or construct, nor allow to be built, created or constructed, any obstruction (including, but not limited to, impounded water), building, improvement or other structure within the Permanent Easements, nor shall the Landowners place, nor allow to be placed, any trees or debris on the Permanent Easements, nor reduce the depth of the cover of the ground over the Facilities. Gulf South shall have the right to mow, clear and keep the Easements cleared of trees, shrubs, brush, or other debris during their term.

23.     Landowners shall have the right to install and maintain cross-fences across, but not along and within, the Permanent Easements at angles greater than forty-five (45) degrees to the Pipeline, provided that such fences do not interfere with or threaten the Facilities, and provided further that Gulf South reserves the right to install gates within fences located within the boundaries of the Permanent Easements. Landowners shall not install fence posts within five feet (5') of the Pipeline. In the event it becomes necessary for Gulf South to cut any fences within the boundaries of the Easements, before cutting

15

such fences Gulf South shall first set brace posts and attach the existing fencing to such brace posts. In that event, Gulf South shall use wire gaps or temporary gates to prevent cattle or livestock from entering or leaving the Properties. After completion of construction activities, Gulf South will remove the wire gaps or temporary gates and restore the fencing to at least as good condition as the same were in, as near as practicable.

24.     Gulf South does not seek to acquire, but reserves to Landowners, all oil, gas, and other minerals in, on and under the Easements; provided that Landowners shall not be entitled to drill, explore, or excavate for minerals on the surface of the Easements during their term, but will be permitted to extract oil, gas and other minerals from under the Easements by directional drilling or other means so long as such activities do not damage, endanger, disturb, injure and/or interfere with Gulf South's Facilities or its use of the Easements.

25.     Gulf South shall have the right to assign the Easements, in whole or in part, subject to any applicable regulatory approval.

26.     It is in the public interest and necessity that the Easements depicted and described in Exhibits 1-7 be acquired, and, given the parties inability to reach mutually agreeable terms of acquisition, the Easements must be acquired via condemnation.

27.     Gulf South requests confirmation of its authority to exercise eminent domain and the right for immediate possession of and access to the Easements to complete the Willis Lateral Project as approved by FERC and described herein.

28.     Gulf South has negotiated with the Landowners in good faith and made bona fide offers to acquire the Easements but has been unable to obtain such rights by contract, or to agree with the Landowners upon the just compensation to be paid.

29.     Pursuant to the authority granted to it by the Natural Gas Act, 15 U.S.C. § 717f(h), Gulf South now seeks to take by eminent domain the Easements depicted and described on Exhibits 1-7 and described herein.

30.     Gulf South requests a trial for the purpose of determining just compensation pursuant to Federal Rule of Civil Procedure 71.1(h).

31.     Pursuant to Federal Rule of Civil Procedure 71.1(d)(3)(B), Gulf South requests authorization to serve any of the Unknown Owners or Unknown Heirs by publication.

32.     Pursuant to Federal Rule of Civil Procedure 71.1(d), the requisite notices to the Defendants are attached hereto and submitted to the clerk of court.

**WHEREFORE**, Gulf South respectfully requests that this Court:

33.     Deem the notices submitted herewith pursuant to Federal Rule of Civil Procedure 71.1(d), to be good and sufficient;

34.     Enter judgment condemning the property interests set forth in this Complaint and the exhibits attached hereto;

35.     Enter an order confirming Gulf South's authority to exercise eminent domain;

36.     Enter an order awarding Gulf South immediate possession of and access to the property interests subject to this action;

17

37.    After awarding Gulf South immediate possession, determine the just compensation to be paid by Gulf South to each of the Landowners for the property interests subject to this action;

38.    Enter judgment, providing that upon deposit into the Court's registry by Gulf South of the amount of just compensation determined in this action, ownership and title of the Easements shall vest in Gulf South, free and clear of all liens and encumbrances and other charges of whatsoever nature and free and clear of all right, title, and interest of the Defendants; and

39.    Order such further and other relief as Gulf South may be entitled to as a matter of equity or law.

Respectfully Submitted,

**GULF SOUTH PIPELINE COMPANY, LP**
By Counsel

 /s/ *J. Robin Lindley*
J. Robin Lindley
State Bar No. 12366100
SDTX Bar No. 9693
**BUCK KEENAN LLP**
2229 San Felipe, Suite 1000
Houston, Texas 77019
(713) 225-4500
(713) 225-3719 (fax)
lindley@buckkeenan.com

**Attorney-in-Charge for**
**Gulf South Pipeline Company, LP**