IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GULF SOUTH PIPELINE COMPANY, LP, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-19-2885 |
| § | |
| DAVID OSTRO, *et al.*, § | |
| § | |
| Defendants. § | |

### ORDER

Gulf South Pipeline Company has sued for easements across seven properties in Montgomery County, Texas, to build an oil pipeline under a Certificate of Public Necessity issued by the Federal Energy Regulatory Commission. (Docket Entry Nos. 1, 8–13). Gulf South has identified 17 individuals and entities with legal interests in the properties, noting that there could be "unknown owners, unknown heirs, or other interested parties." (Docket Entry No. 1 at 4–6).

Gulf South has moved to serve by publication "any Unknown Owners" of the properties. (Docket Entry No. 9 at 2). Under Federal Rule of Civil Procedure, a party bringing an eminent domain action must join "those persons who have or claim an interest in the property and whose names are known," or "whose names have become known or can be found by a reasonably diligent search of the records." FED. R. CIV. P. 71.1(c)(3). "All others may be made defendants under the designation 'Unknown Owners.'" *Id.*

Rule 71.1 provides special service rules for eminent domain actions. For defendants with "known" addresses, "personal service of the notice (without a copy of the complaint) must be made in accordance with Rule 4." *Id.* 71(d)(3)(A). A defendant may be served by publication "when the plaintiff's attorney files a certificate stating that the attorney believes the defendant cannot be

personally served, because after diligent inquiry within the state where the complaint is filed, the defendant's place of residence is still unknown or, if known, that it is beyond the territorial limits of personal service." *Id.* 71(d)(3)(B)(i). "Service is then made by publishing the notice—once a week for at least 3 successive weeks—in a newspaper published in the county where the property is located or, if there is no such newspaper, in a newspaper with general circulation where the property is located." *Id.* "Service by publication is complete on the date of the last publication." *Id.*

J. Robin Lindley, counsel for Gulf South, submitted an affidavit stating that, "[a]fter a diligent search and inquiry, Gulf South has named as defendants in the Complaint all persons or entities known to have or claim an interest in the properties made the subject of the action and has requested service of those defendants at their physical addresses." (Docket Entry No. 9-1 at 3). Lindley stated that "[i]f there are any other persons or entities that have or claim an ownership interest in the subject properties, they are unknown owners . . . and therefore cannot be personally served." (*Id.*). The court finds that Gulf South has made a diligent inquiry into those with an interest in the properties and, having made personal service on those identified, may serve by publication any Unknown Owners. *See, e.g.*, *Columbia Gas Transmission, LLC v. An Easement to Construct, Operate & Maintain a 20-inch Gas Transmission Pipeline*, Civ. A. No. 17-1191, 2018 WL 348844, at *3 (W.D. Pa. Jan. 10, 2018) ("Because the identity of the owners of the property involved in this condemnation were unknown despite diligent efforts, service of this action upon defendants was by publication in accordance with Federal Rule of Civil Procedure 71.1(d)(3)(B)."); *Columbia Gas Transmission, LLC v. 171.54 Acres of Land*, No. 17-CV-70, 2017 WL 838214, at *6 (S.D. Ohio Mar. 3, 2017) ("Columbia may serve by publication any Defendant when Columbia's counsel 'files a certificate stating that the attorney believes the defendant cannot

be personally served, because after diligent inquiry within the state where the complaint is filed, the defendant's place of residence is still unknown or, if known, that it is beyond the territorial limits of personal service.'" (quoting FED. R. CIV. P. 71.(d)(3)(B))).

The motion for service by publication is granted, (Docket Entry No. 9), and Gulf South is authorized to publish the notices under Rule 71.1(d).

SIGNED on August 8, 2019, at Houston, Texas.

                                                 Lee H. Rosenthal
                                    Chief United States District Judge