IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GULF SOUTH PIPELINE COMPANY, LP | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-19-2885 |
| TX-MQ-0050.00000: 5.26 ACRES, MORE OR LESS, in the Jose Maria De La Garza Survey, Abstract Number 15, Montgomery County, TX; DAVID OSTRO and MID AMERICA MORTGAGE, INC.; *et al*., | § § § § § § § | |
| Defendants. | § | |

**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT
CONFIRMING GULF SOUTH PIPELINE COMPANY, LP'S RIGHT TO CONDEMN,
FOR AN INJUCNTION GRANTING IMMEDIATE POSSESSION, AND FOR LEAVE
TO DEPOSIT FUNDS INTO THE REGISTRY OF THE COURT**

Gulf South Pipeline Company, LP has moved for partial summary judgment confirming its right to condemn land to build a pipeline, for an injunction granting immediate possession of that land, and for leave to deposit funds into the court registry. Gulf South has reached an agreement with all but one property owner: the Mendoza Property, who has not appeared. This makes entry of default appropriate. Based on the motion, the record, and the law, the court grants the motion for partial summary judgment.[1] The reasons and relief are set out below.

---

[1] A plaintiff's failure to respond alone is not a proper basis for granting summary judgment. However, it is appropriate for the court to decide the motion based on the record before it. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F. 2d 1277, 1279 (5th Cir. 1985); *Chero-Key Piping Co. v. Great-West Life & Annuity Ins. Co.*, No. CIV A H-08-2696, 2010 WL 1169957, at *5 (S.D. Tex. Mar. 23, 2010).

I.  **Background and Factual Findings**

Gulf South is a natural gas company under Section 2(a) of the Natural Gas Act, 15 U.S.C. § 717(a)(6). Gulf South was issued a Certificate of Public Convenience and Necessity by the Federal Energy Regulatory Commission to construct, operate, and maintain an interstate natural gas pipeline and related facilities in San Jacinto and Montgomery Counties, Texas. This *in-rem* action by Gulf South under the Natural Gas Act, § 717f(h) and Rule 71.1 of the Federal Rules of Civil Procedure seeks to condemn interests in four tracts of real property located in Montgomery County, Texas. These tracts are described in the survey plats attached to Gulf South's complaint in as Exhibits 4 through 7. They are identified in this Memorandum and Order as the Mendoza Property, the Mavrogordato Property, the Kana Property, and the Pensco Property. The defendants are these properties, along with the individual owners and other entities that have or may have ownership interests in these properties.

Gulf South seeks partial summary judgment confirming its right to condemn the interests sought in these properties. Gulf South also seeks an injunction granting it authority to immediately access and possess the interests condemned in the Mendoza Property. No responses have been filed in opposition to Gulf South's motions. The court has jurisdiction under the Natural Gas Act, 15 U.S.C. § 717f(h).

In July 2019, the Federal Energy Regulatory Commission issued an order granting Gulf South a Certificate of Public Convenience and Necessity under § 717f(c). *Gulf South Pipeline Co., LP*, 168 FERC ¶ 61,036 (2019); (Docket Entry No. 68-B). The Certificate authorizes Gulf South to construct and operate a new 19-mile, 24-inch diameter lateral pipeline and appurtenant facilities in San Jacinto and Montgomery Counties, Texas, and to construct and operate a new compressor unit at its existing Goodrich Compressor Station in Polk County, Texas. This project

is referred to as the Willis Lateral Project. The Pipeline will begin at a new interconnection with Gulf South's Index 129 interstate natural-gas pipeline system in San Jacinto County, and extend westward to Entergy Texas, Inc's Montgomery County Power Station on the Lewis Creek Reservoir, known as the Lewis Creek Power Plant. The Willis Lateral Project will allow Gulf South to transport up to 200,000 dekatherms per day of natural gas to the Lewis Creek Power Plant, where Entergy will generate nearly one gigawatt per day of electrical power.

In the Order issuing the Certificate, the Commission determined that public convenience and necessity required approval of the Willis Lateral Project. No party timely sought rehearing or direct appeal of the Order issuing the Certificate.

The interests Gulf South seeks to condemn in the four properties are necessary to construct and operate the Project the Certificate authorized. Both the Commission and Entergy have imposed deadlines that Gulf South must meet in building the Willis Lateral Project, including an interim in-service date of July 1, 2020, for the delivery of test gas to Entergy. The interests Gulf South seeks to condemn in the four properties are necessary for Gulf South to meet its contractual and regulatory deadlines.

Gulf South has reached agreements with the owners of approximately 92% of the affected tracts of land for the easement rights the project requires. Gulf South has made offers in excess of $3,000 to the owners of each of the four properties at issue.[2] Gulf South has been unable to acquire the necessary easements on one of the remaining properties.

The construction contracts will require Gulf South to provide the contractor with access along the entire length of the Pipeline. Constructing the Pipeline will involve specialized

---

[2] Gulf South has reached voluntary Possession and Use Agreements with the owners of the Kana Property, Mavrogordato Property, and Pensco Property rendering any request for injunctive relief with respect to these three tracts and their owners moot. (*See* Docket Entry No. 80 at 2 n.1).

3

contractors and approximately 400 personnel. Construction must progress sequentially, working from one end of the pipeline to the other.

Gulf South's scheduled preliminary construction and staging, then right-of-way construction work, must begin by January 2020 to allow Gulf South to meet the environmental conditions the Commission established and the July 1, 2020, interim in-service deadline Entergy included in its agreement with Gulf South.

The four properties at issue are interspersed in different locations along the Pipeline. Without possession of the easements condemned in these properties, Gulf South will have to build the Pipeline up to the first property, move around the tract, then build up to the second of the properties, move around that tract, and so on. Each unscheduled move-around will cost Gulf South an estimated $250,000. Gulf South cannot recover these move-around costs.

If Gulf South has to return later to complete construction, it will incur additional costs in remobilizing contractors and inspectors, reentering the tracts adjoining the properties, reexcavating the pipeline, and sectioning-in the pipeline from the missing locations. This will cost approximately $2.2 million and cause unnecessary disruption to the neighboring landowners on either side of each property.

Once Gulf South has completed this construction, it must perform the testing needed to commission the Pipeline and the Lewis Creek Power Plant station. The testing and commissioning will take a minimum of 60 days. Gulf South will incur approximately $500,000 in additional costs remobilizing the equipment, materials, and personnel to test and commission the pipeline. A lack of immediate possession and access to the properties will add a minimum of 120 days in delay. The cost of the delay will be a minimum of $3,200,000, which Gulf South will be unable to recover. The delay will also cause Gulf South to miss the July 2020 interim in-service date for the Willis

Lateral Project, extending the time required to restore the right-of-way and construction areas. Gulf South will also suffer a loss of goodwill with Entergy and with the Commission, and Entergy will be delayed in using the Lewis Creek Power Plant to generate electricity.

The Commission has determined that timely completing the pipeline is in the public interest, and the record shows that granting the requested easements will not harm the defendants. Gulf South is ordered to deposit a sum of money equal to 150% of its appraiser's estimate of compensation for the rights condemned into the court registry as a condition of the requested relief. The appraised value of the rights condemned in the Mendoza Property is $4,882, resulting in a deposit of $7,323.

## II.     Analysis and Conclusions of Law

The undisputed record evidence establishes that: (1) Gulf South is the holder of a Commission-issued certificate authorizing the Pipeline Project; (2) the Commission has determined that the properties are necessary for the project; and (3) Gulf South is unable to acquire all the properties by contract. *See Columbia Gas Trans., LLC v. 1.01 Acres*, 768 F.3d 300, 304 (3d Cir. 2014); *Maritimes & Northeast Pipeline, L.L.C v. Decoulos,* 146 Fed. App'x 495, 498 (1st Cir. 2005); *Alliance Pipeline, L.P. v. 4.360 Acres*, 746 F.3d 362, 364  (8th Cir. 2014); *Fla. Gas Transmission Co. LLC v. 2.876 Acres*, No. 4:18-CV-1162, 2018 WL 4103624, at *2 (S.D. Tex. June 20, 2018); *Gulf South Pipeline Co., v. Lamb*, No. 3:16-CV-205, 2016 WL 6876662, at *2 (S.D. Tex. Nov. 22, 2016).  Gulf South has the right to condemn the property interests sought in the properties under 15 U.S.C. § 717f(h).

Gulf South has the right to condemn the property interests sought in its complaint.  It is entitled to an injunction allowing it immediate possession and use of those interests because it also satisfies the requirements for preliminary injunctive relief.

First, Gulf South is likely to succeed on the merits of its complaint in condemnation. Gulf South is authorized to condemn the properties. It holds a Commission-issued Certificate; easements over the properties are necessary for the Project the Certificate authorized; and Gulf South has not been able to acquire the easements through negotiation with the defendants. Gulf South satisfied the first prerequisite for issuance of a preliminary injunction. *See Fla. Gas*, 2018 WL 4103624, at *4.

Second, the record shows a substantial threat of irreparable injury if Gulf South's motion for possession is not granted. *See id.*; *Southeast Supply Header LLC v. 180 Acres*, 2:07CV280KS-MTP, 2008 WL 160700, at *3 (S.D. Miss. Jan. 9, 2008).

Third, granting the requested relief will not harm the defendants. They will receive just compensation for the condemned property "no matter when the condemnor takes possession." *East Tenn. Nat. Gas v. Sage*, 361 F.3d at 824, 829 (4th Cir. 2004). The defendants will be compensated during the compensation phase of this action. They will suffer no greater harm if Gulf South's motion is granted than they would if possession was not allowed until after the court determines the amount of compensation.

Finally, the injunction is consistent with the public interest. Before issuing the Certificate authorizing Gulf South to construct the Willis Lateral Project, the Commission considered "whether there is a need for a proposed project and whether the proposed project will serve the public interest." *Gulf South Pipeline Co., LP*, 168 FERC ¶ 61,036 (2019) at 4 (¶ 11). The Commission found that:

> In view of the benefits that will result from the project, with no adverse impact on Gulf South's existing customers and other pipelines and their captive customers and minimal impacts on landowners and surrounding communities, the Commission finds that Gulf South's proposal satisfies the Certificate Policy Statement. Based on this finding and the environmental review for Gulf South's proposed project, as discussed below, the Commission further finds that the public

convenience and necessity requires approval and certification of Gulf South's proposal under section 7 of the NGA, subject to the environmental and other conditions in this order.

*Id*. at 5 (¶ 16). The public interest is served by the improvement of pipeline infrastructure and the addition of an outlet for the transmission of a key natural resource. Denying Gulf South immediate access to and possession of the easements would delay construction and the pipeline's benefits. *See Sage*, 361 F.3d at 826.

### III. Conclusion and Order

The court enters the following ORDER:

- Gulf South has the right to condemn the interests in the four properties sought in this condemnation action.

- Gulf South has the immediate right of entry on, and use of, the Permanent Easement and Temporary Workspace rights as approved and certificated by the Commission on the Mendoza Property, described in Exhibit 4 of the complaint.

- Gulf South may immediately begin preconstruction-and-construction related activities for the purpose of constructing the Pipeline at the locations approved and certificated by the Commission and consistent with the easements identified in Exhibit 4 of the complaint, in a manner consistent with the Certificate. Preconstruction-and construction-related activities may include, but are not limited to surveys, examinations, and tests and constructing, laying, maintaining, inspecting, altering, repairing, replacing, and reconstructing the Pipeline, and appurtenances on the easements. To the extend final adjudication has not occurred when the Project is complete, Gulf South may also operate the pipeline and related project facilities.

- Gulf South must deposit with the clerk of court an amount equal to one hundred and fifty percent (150%) of its appraisers' estimates of just compensation for the easements condemned in the Mendoza Property, totaling $7,323.

- This injunction will take effect immediately following that deposit.

- Neither the deposit nor the withdrawal of any portion of the fund will prejudice or otherwise affect any of the parties' rights with respect to a determination of just compensation, including Gulf South's right to assert that the amounts deposited exceed the just compensation due one or more of the defendants.

SIGNED on December 13, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge