United States District Court
Southern District of Texas

**ENTERED**

July 28, 2020

David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| GULF SOUTH PIPELINE COMPANY, LLC, f/k/a GULF SOUTH PIPELINE COMPANY, LP, | § § § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 19-2885 |
| | § | |
| TX-MQ-0068.00000: 2.702 ACRES, MORE OR LESS, in the J. S. Edgar Survey, Abstract Number 200, Montgomery County, Texas; ABEL MENDOZA and ALEJANDRO MENDOZA, | § § § § § | |
| Defendants. | § | |
| | § | |

### FINDING OF FACTS AND CONCLUSIONS OF LAW

Gulf South filed this suit under its power of eminent domain under § 7h of the Natural Gas Act, 15 U.S.C. § 717f(h) and Federal Rule of Civil Procedure 71.1, seeking: (i) the taking of certain interests in real property; (ii) immediate entry upon and possession of the real property interests being taken; and (iii) the ascertainment and award of just compensation and damages to the defendants and any other interested parties.

Gulf South brought suit in condemnation against several tracts of land and their apparent owners. At the time of trial, claims remain against two tracts, but motions for separate trial have been granted regarding the other tract. (Docket Entry No. 89). The court held a bench trial on July 22, 2020, on the tract identified in the complaint as TX-MQ-0068.00000: 2.702 ACRES, MORE OR LESS, in the J. S. Edgar Survey, Abstract Number 200, Montgomery County, Texas, described by instrument recorded in County Clerk's File Number 2011093963, of the Official Public Records of Montgomery County, Texas, which is owned by Abel Mendoza and Alejandro Mendoza. It is referred to as the "Mendoza Property".

On December 13, 2019, the court granted Gulf South partial summary judgment and determined that it has the right to condemn the Mendoza Property. (Docket Entry No. 81).  The court also found that Gulf South had an immediate right of entry on, and use of, the Permanent Easement and Temporary Workspace rights as approved and certificated by the Federal Energy Regulatory Commission ("FERC"), and that it could immediately begin preconstruction- and construction-related activities for the purpose of constructing a new 19-mile, 24-inch diameter lateral pipeline (the "Pipeline") upon the Mendoza Property.

In connection with that order, the court directed that Gulf South deposit with the Clerk of Court an amount equal to one hundred and fifty percent (150%) of its appraisers' estimate of just compensation for the easements condemned in the Mendoza Property, totaling $7,323.  (Docket Entry No. 82).  Gulf South did so on December 16, 2019.

The question remaining for the bench trial is of just compensation owed Mendoza by Gulf South for this condemnation of interests in the Mendoza Property.

**I.      Findings of Fact**

1.      The Mendoza Property is identified as TX-MQ-0068.00000: 2.702 ACRES, MORE OR LESS, in the J. S. Edgar Survey, Abstract Number 200, Montgomery County, Texas, as described by instrument recorded in County Clerk's File Number 2011093963, of the Official Public Records of Montgomery County, Texas, and which is owned by Mendoza.

2.      The Mendoza Property was unimproved vacant land at the time of Gulf South's entry onto the property.

3.      The highest and best use of the Mendoza Property, both before and after the condemnation, is for agricultural or recreational/rural residential use.

2

4.     The appropriate valuation methodology is the use of comparable sales of similar unimproved vacant land.  Comparable sales in the market area reflect an unadjusted sales price range of $18,956 to $28,802 per acre.  After the application of adjustments to account for material differences between the Mendoza Property and the comparable sales, the indicated per unit market value for the fee simple interest in the Mendoza Property, as of December 16, 2019, is $27,500 per acre.

5.     A portion of the Mendoza Property is encumbered with a preexisting transmission line easement.  It is appropriate to discount this part of the Mendoza property by 75% to reflect the rights already extinguished by the transmission line.

6.     The market value of the Mendoza Property, before acquisition of any easements by Gulf South, is $73,893, calculated as follows:

| Market Value of Subject Property | | |
|---|---|---|
| Land: 2.682 Acres x $27,500/Acre: | $ | 73,755 |
| Encumbered Land: 0.020 Acre x $27,500/Acre less 75%: | $ | 138 |
| **Value of Subject Property – Before the Acquisition:** | **$** | **73,893** |

7.     Gulf South seeks to acquire 0.19 acre for a permanent easement for its Pipeline (the "Acquisition Parcel").  A portion of the Acquisition Parcel totaling 0.020 acre lies within the preexisting transmission line easement.

8.     The highest and best use of the remainder of the Mendoza Property, after condemnation of the Acquisition Parcel, will remain the same as before the acquisition.

9.     Because the proposed acquisition is not an independent economic unit, the per acre value of the Acquisition Parcel to be acquired is the same as the land value of the Mendoza Property.

10.     The diminution in value of the Acquisition Parcel totals $2,407, calculated as follows:

| Value of the Acquisition Parcel | | |
|---|---|---|
| **Acquisition Parcel Before:** | | |
| Unencumbered Easement: 0.17 Acre x $27,500/Acre: | $ | 4,675 |
| Encumbered Easement: 0.020 Acre x $27,500/Acre Less 75%: | $ | 138 |
| **Total Value of Acquisition Parcel Before:** | $ | 4,813 |
| | | |
| **Acquisition Parcel After:** | | |
| Unencumbered Easement: 0.17 Acre x $27,500/Acre X 50%: | $ | 2,337 |
| Encumbered Easement: 0.020 Acre x $27,500/Acre Less 75% X 50%: | $ | 69 |
| **Total Value of Acquisition Parcel After:** | $ | 2,406 |
| | | |
| **Diminution in Value of Acquisition Parcel** | $ | 2,407 |

11.     There is no decrease in value to the remainder of the Mendoza Property as a result of the condemnation of the Acquisition Parcel.

12.     A 0.6 acre temporary workspace ("TWS") easement will be needed by Gulf South during the construction of the Pipeline.  This easement will be used for a short period during actual construction of the Pipeline, but it is appropriate to calculate the value of that easement as though the TWS were being rented for 18 months.

13.     The appropriate technique for determining the appropriate value for the temporary use of the TWS is the typical rate of return required by a property owner when leasing out property.

14.     A rate of 10 % per year is appropriate for the Mendoza Property.

15.     0.6 acres of TWS x $27,500 per acre x 18 months x 10% = $2,475.

16.     The total just compensation owed for a permanent easement on 0.19 acres and a TWS easement on 0.6 acres of the Mendoza Property is $2,407 plus $2,475, which totals **$4,882**.

**II.      Conclusions of Law**

1.      Texas law controls the method of calculating damages.  *See Ga. Power Co. v. Sanders*, 617 F.2d 1112, 1124 (5th Cir. 1980); *Miss. River Transmission Corp. v. Tabor*, 757 F.2d 662, 665 n.3 (5th Cir. 1985).

2.      When only part of an owner's land is taken for an easement, the measure of damages is the fair market value of the part taken at the time of the taking, plus any diminution in value to the remainder of the land.  *Exxon Pipeline Co. v. Zwahr*, 88 S.W.3d 623, 627 (Tex. 2002).

3.      The date of taking is the date on which the condemnor lawfully takes actual possession or takes constructively by depositing funds in the court's registry.  *See City of Fort Worth v. Corbin*, 504 S.W.2d 828, 830 (Tex. 1974); *City of Harlingen v. Estate of Sharboneau*, 48 S.W.3d 177, 186 (Tex. 2001) (Baker, J., concurring).

4.      Market value is "the price which the property would bring when it is offered for sale by one who desires, but is not obliged to sell, and is bought by one who is under no necessity of buying it, taking into consideration all of the uses to which it is reasonably adaptable and for which it either is or in all reasonable probability will become available within the reasonable future."  *City of Austin v. Cannizzo*, 267 S.W. 2d 808, 815 (Tex. 1954).

5.      The total amount of just compensation for Gulf South's condemnation for a permanent easement on 0.19 acres and a TWS easement on 0.6 acres of the Mendoza Property is $2,407 plus $2,475, which equals **$4,882**.

6.      The court finds that the total amount of just compensation for Gulf South's condemnation for a permanent easement on 0.19 acres and a TWS easement on 0.6 acres of the Mendoza Property is $2,407 plus $2,475, totaling $4,882.

7.      The court orders that of the $7,323 that Gulf South deposited with the Clerk of Court, $2,441 will be returned to Gulf South.

8.      The remaining $4,882 deposited by Gulf South will remain on deposit in the registry of the Court, available for distribution to Mendoza on application.

Final judgment in condemnation is entered by separate order.

SIGNED on July 28, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

6

