United States District Court
Southern District of Texas
**ENTERED**
July 28, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GULF SOUTH PIPELINE COMPANY, LLC, f/k/a GULF SOUTH PIPELINE COMPANY, LP | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-CV-02885 |
| | § § § | |
| TX-MQ-0068.00000: 2.702 ACRES, MORE OR LESS, in the J. S. Edgar Survey, Abstract Number 200, Montgomery County, Texas; ABEL MENDOZA and ALEJANDRO MENDOZA | § § § § § § § § | |
| *Defendants.* | § § | |

**JUDGMENT IN CONDEMNATION**
**Regarding TX-MQ-0068.00000: 2.702 ACRES,**
**MORE OR LESS, in the J. S. Edgar Survey, Abstract Number 200,**
**Montgomery County, Texas; ABEL MENDOZA and ALEJANDRO MENDOZA**

Following the entry of partial summary judgment and trial on the matter of compensation, the Court enters the following final judgment as to the above-referenced defendants:

IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and Section 7h of the Natural Gas Act, 15 U.S.C. § 717f (h).

2. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. § 717f (h) as the defendant property, TX-MQ-0068.00000: 2.702 ACRES, MORE OR LESS, in the J. S. Edgar Survey, Abstract Number 200, Montgomery County, Texas, described by instrument recorded in County Clerk's File Number 2011093963, of the Official Public Records of Montgomery County, Texas (the "Property"), is located in Montgomery County, Texas.

3. Gulf South Pipeline Company, LLC ("Gulf South" or "Plaintiff") is entitled to condemn the Property, which is owned by defendants Abel Mendoza and Alejandro Mendoza (collectively "Mendoza" or "Landowners") pursuant to its power of eminent domain as authorized by Section 7h of the Natural Gas Act, 15 U.S.C. § 717f (h) and Federal Rule of Civil Procedure 71.1.

4. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Gulf South has judgment against Mendoza and the Property, as follows:

> There is hereby vested in Gulf South, its successors and assigns, a permanent easement and right of way (the "Easement") and temporary workspace ("Temporary Workspace") along the route and location over, through, upon, under, and across the Property named as TX-MQ-0068.00000: 2.702 ACRES, MORE OR LESS, in the J. S. Edgar Survey, Abstract Number 200, Montgomery County, Texas, as described by instrument recorded in County Clerk's File Number 2011093963, of the Official Public Records of Montgomery County, Texas. The locations of the

Easement and Temporary Workspace upon the Property are more definitely depicted and described on the survey and plat attached hereto as Exhibit A.

Gulf South hereby takes, acquires and holds said Easement and Temporary Workspace for purposes of constructing, reconstructing, renewing, operating, maintaining, protecting, inspecting, repairing, changing the size of, abandoning-in-place, removing, replacing, and/or relaying one pipeline, not to exceed twenty-four inches (24") nominal diameter (the "Pipeline"), and conduit(s) for the transmission of communication signals related to the aforementioned uses, together with such pipes, fittings, corrosion control devices, wires, cables and other equipment and appurtenances (collectively with the Pipeline, the "Facilities"), as may be necessary or convenient for the transportation of natural gas and its associated substances, for the protection of said Facilities, and for the maintenance of the Easement and Temporary Workspace. The Easement shall be 50-feet in width, located as depicted and described in Exhibit A. Gulf South may select the location of its Facilities within the Easement. The Temporary Workspace is located and sized as depicted and described on Exhibit A.

Gulf South, its successors and assigns, shall have the right to use the Easement for the purposes set forth herein until such time as it releases it rights. Gulf South shall have the right to use the Temporary Workspace during construction of the Facilities and any periods of restoration work, not to exceed June 18, 2021. After Gulf South has completed its construction of the Facilities and any restoration

work, Gulf South's interest in the Temporary Workspace will revert to the Landowners.

The Easement includes a permanent right of ingress, egress, entry and access in, to, through, on, over, under, and across the Easement, and where the same intersect the boundaries of the Property or any public road, public easement, or easements held by Gulf South on other property contiguous to the Easement, for any and all purposes necessary and/or incident to the rights granted hereunder. During construction of the Facilities and any period of restoration, these same rights of ingress, egress, entry and access shall also apply to the Temporary Workspace.

Gulf South shall bury the Pipeline to an initial minimum depth of thirty-six inches (36") from the top of the Pipeline to the surface of the ground and any then existing drainage ditches, creeks and roads, except at those locations where rock is encountered the Pipeline may be buried to a lesser depth.

The surface of the Easement and Temporary Workspace will be filled, leveled and graded after the original construction of the Pipeline on the Easement is completed, so as to restore the surface, as nearly as practicable to its original level, grade, drainage and condition.

It is further hereby vested in Gulf South the right to cathodically protect its Facilities within the boundaries of the Easement, and to place pipeline markers, vents, and cathodic protection test leads and other corrosion control devices above the ground within the Easement. Gulf South shall have no other aboveground

Facilities within the Easement. Gulf South shall have no right to fence off or enclose the Easement.

Landowners shall retain the right to fully use and enjoy the Easement (including, but not limited to, the cultivation of crops [other than trees] within the area of the Easement) except to the extent such uses interfere with the rights of Gulf South. Provided such uses do not endanger the Facilities or interfere with Gulf South's rights, Landowners' uses may include using the Easement for open space, set back, utility, street and roadway purposes.

Any and all utility, street and roadway crossings shall cross the Easement at an angle of not less than forty-five (45) degrees to the Pipeline. Any and all paving and use for parking or driveways or utility, street and roadway crossings, must comply with all of Gulf South's required and applicable weight restrictions, spacings, depth separation limits and other protective requirements. Landowners must notify Gulf South in writing (and provide plans for such proposed construction) at least ninety (90) days prior to commencement of such activities. Gulf South shall not unreasonably withhold, condition, or delay approval of plans. Landowners shall not build, create or construct, nor allow to be built, created or constructed, any obstruction (including, but not limited to, impounded water), building, improvement or other structure within the Easement, nor shall the Landowners place, nor allow to be placed, any trees or debris on the Easement, nor reduce the depth of the cover of the ground over the Facilities. Gulf South shall have

the right to mow, clear and keep the Easement cleared of trees, shrubs, brush, or other debris during its term.

Landowners shall have the right to install and maintain cross-fences across, but not along and within, the Easement at angles greater than forty-five (45) degrees to the Pipeline, provided that such fences do not interfere with or threaten the Facilities, and provided further that Gulf South reserves the right to install gates within fences located within the boundaries of the Easement. Landowners shall not install fence posts within five-feet (5') of the Pipeline. In the event it becomes necessary for Gulf South to cut any fences within the boundaries of the Easement, before cutting such fences Gulf South shall first set brace posts and attach the existing fencing to such brace posts. In that event, Gulf South shall use wire gaps or temporary gates to prevent cattle or livestock from entering or leaving the Property. After completion of construction activities, Gulf South will remove the wire gaps or temporary gates and restore the fencing to at least as good condition as the same were in, as near as practicable.

Gulf South does not acquire by this judgment, and it is reserved to Landowners, all oil, gas, and other minerals in, on and under the Easement; provided that Landowners shall not be entitled to drill, explore, or excavate for minerals on the surface of the Easement during its term, but will be permitted to extract oil, gas and other minerals from under the Easement by directional drilling or other means

so long as such activities do not damage, endanger, disturb, injure and/or interfere with Gulf South's Facilities or its use of the Easement.

Gulf South has the right to assign the Easement and Temporary Workspace, in whole or in part, subject to any applicable regulatory approval.

As necessary for the performance of these acts, Gulf South has the right to enter upon, appropriate, acquire, take, hold and enjoy the above-described interests in the Property for the purposes set forth herein.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that with respect to the funds that Gulf South has deposited in the registry of this Court with regard to the Property, i.e. the sum of $7,323, the clerk is hereby ordered and directed to return $2,441, with any interest, to Gulf South. The clerk is hereby ordered and directed to retain the remaining $4,882 in the registry of this Court, available for distribution to Mendoza upon application.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that costs of Court, expenses, and attorneys' fees shall be borne by the party incurring them.

This is a final judgment with respect to Mendoza and the Property but does not dismiss claims related to any other properties or parties made the subject of Gulf South's Complaint.

Date: July 28, 2020

_____

UNITED STATES DISTRICT JUDGE

        Respectfully Submitted,

        **GULF SOUTH PIPELINE COMPANY, LLC**
        By Counsel

        */s/ J. Robin Lindley*
        J. Robin Lindley
        State Bar No. 12366100
        SDTX Bar No. 9693

        **BUCK KEENAN LLP**
        2229 San Felipe, Suite 1000
        Houston, Texas 77019
        (713) 225-4500
        (713) 225-3719 (fax)
        lindley@buckkeenan.com

        **Attorney-in-Charge for**
        **Gulf South Pipeline Company, LLC**





Permanent Easement and Temporary Workspace, Montgomery County, Texas — J.S. Edgar Survey, Abstract-200. Gulf South Pipeline Company, LP — Willis Lateral — Crossing the Property of Abel Mendoza & Alejandro Mendoza.

**EXHIBIT "B"**

Written: July 03, 2018
TX-MQ-0068.00000
**Field Notes for Gulf South
Willis Lateral Pipeline Project
Abel Mendoza and Alejandro Mendoza
Montgomery County, Texas**
0.19 Acre Permanent Easement

**GENERAL DESCRIPTION**

Centerline description for a Fifty foot (50') Wide Permanent Easement, lying Twenty-five feet (25') each side of the following described centerline, containing a calculated total of 0.19 acres (8,451 sq. ft.), and being out of the **J. S. EDGAR SURVEY, ABSTRACT NO. 200, MONTGOMERY COUNTY, TEXAS**, herein subject tract being that certain called 2.702 acre tract of land, described and referenced as, being conveyed to Abel Mendoza and Alejandro Mendoza in an instrument filed for record in County Clerk's File Number 2011093963 of the Official Public Records, Montgomery County, Texas (O.P.R.M.C.T.), said fifty foot (50') Wide Permanent Easement being twenty-five feet (25') each side of the following described centerline:

**PERMANENT EASEMENT CENTERLINE DESCRIPTION**

Centerline for a proposed 0.19 Acres (8,451 sq. ft.), fifty foot (50') Wide Permanent Easement lying Twenty-five feet (25') each side of the following described Centerline:

**BEGINNING** at a point on the east line of said 2.702 acre tract of land, and the west line of that certain called 2.539 acre tract of land, described and referenced as, being conveyed to Simon Hernandez Santana and Maria Del Rocio Juarez Cardenas in an instrument filed for record in County Clerk's File Number 2011045846 of the Official Public Records, Montgomery County, Texas (O.P.R.M.C.T.), for the **POINT OF BEGINNING (P.O.B.)**, of the herein described centerline of a fifty foot (50') Wide Permanent Easement, having a grid coordinate of **N = 10,154,394.32', E = 3,838,330.00',** from which an 5/8-inch iron rod found having a grid coordinate of **N = 10,154,512.35', E = 3,838,324.89',** being the northwest corner of said 2.539 acre tract of land, and the northeast corner of said 2.702 acre tract of land and the southerly line of certain called 114.53 acre tract of land, described and referenced as, being conveyed to Andrew Scott Munson in an instrument filed for record County Clerk's File No. 2003-039789, of the Official Public Records Montgomery County, Texas (O.P.R.M.C.T.), bears North 02 degrees 28 minutes 46 seconds West, a distance of 118.14 feet and a 5/8-inch iron rod found having a grid coordinate of **N = 10,153,837.87', E = 3,838,354.10',** for the southeast corner of said 2.702 acre tract of land, and the southwest corner of said 2.539 acre tract of land, bears South 02 degrees 28 minutes 46 seconds East a distance of 556.97 feet;

**THENCE**, South 86 degrees 45 minutes 51 seconds West, a distance of 169.02 feet, to the **POINT OF TERMINATION (P.O.T.)**, of the herein described centerline of a fifty foot (50') Wide Permanent Easement, having a grid coordinate of **N = 10,154,384.78', E = 3,838,161.25',** said **P.O.T.** being on the common west line of said 2.702 acre tract of land, and the east line of that certain called 2.865 acre tract of land, described and referenced as, being conveyed to Jesus Catala and Lydia E. Galindez in an instrument filed for record in County Clerk's File Number 2016019703 of the Official Public Records Montgomery County, Texas (O.P.R.M.C.T.), from which an 5/8-inch iron rod found having a grid coordinate of **N = 10,154,504.92', E = 3,838,156.10',** being the northwest corner of said 2.702 acre tract of land, and the northeast corner of said 2.865 acre tract of land and the southerly line of said 114.53 acre tract of land, bears North 02 degrees 27 minutes 23 seconds West, a distance of 120.25 feet and a 3/8-inch iron rod found having a grid coordinate of **N = 10,153,788.28', E = 3,838,186.84',** for the southwest corner of said 2.702 acre tract of land, and the southeast corner of said 2.865 acre tract of land, bears South 02 degrees 27 minutes 23 seconds East a distance of 597.05 feet.

Whereas the above described Permanent Easement contains a calculated total of 0.19 Acres (8,451 sq. ft.) of land, having a centerline distance of 169.02 linear feet, or 10.24.

These easement descriptions are not meant to depict a boundary survey.

**Bearing Source:** NORTH, BEARINGS, DISTANCES AND COORDINATES ARE DERIVED FROM STATIC TIES TO EXISTING NGS MONUMENTS AND TRANSFORMED INTO NAD 83 (ZONE 5376, FIPS 4203) TEXAS STATE PLANE COORDINATE SYSTEM CENTRAL ZONE DATUM, U.S. SURVEY FOOT, WITH AN AVERAGE COMBINED GRID FACTOR OF 0.99993159, FOR THIS PROJECT, BY MEANS OF A GLOBAL POSITIONING SYSTEM (GPS) SURVEY PERFORMED BY MOTT MACDONALD.

I, Casey Loren Benedict, Registered Professional Land Surveyor, No. 6722, do hereby certify that this easement survey description was made from an on the ground field survey, in April and May 2018, and that this description and included Exhibit "A" represents the facts found at the date of the field survey, to the best of my knowledge and belief.

3/14/19

Casey Loren Benedict, R.P.L.S. Texas No. 6722
Mott MacDonald
32 Millbranch Road, Suite 40
Hattiesburg, MS 39402
601-228-8466 – Office
601-402-0150 – Cell
TBPLS Firm No. 10193989

Sheet **1** of **1**